No. ——

First Circuit

——

## DICKINSON & CO. v. ATCHAFALAYA FISH CO.

——

(January 5, 1928. Opinion and Decree.)
(February 15, 1928. Rehearing Refused.)

——

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on matters of fact, being clearly correct, is affirmed.

Appeal from the District Court, Parish of St. Martin. Hon. J. D. Simon, Judge.

Action by J. Q. Dickinson & Company against Atchafalaya Fish Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. Xavier Mouton, Lafayette, attorney for plaintiff, appellee.

John B. Fournet, of Jennings, attorney for defendant, appellant.

ELLIOTT, J. J. Q. Dickinson & Company made a shipment of calcium chloride from Madden, West Virginia, to Atchafalaya Fish Co., at Atchafalaya, La., prepaying the freight which amounted to $253.36, and sues to recover the amount.

The defendant, after presenting various exceptions which were overruled, filed an answer. In this answer they deny ordering calcium chloride, and allege that they never received any, freight prepaid. That if plaintiff did ship, freight prepaid, which they deny was done, that plaintiff was negligent and careless in not promptly notifying them to that effect. That defendant

received the shipment, freight to be collected, and paid same. That if plaintiff shipped any goods to defendant the same was not received. That they have paid freight on all the goods they received.

We take the answer to mean that they received the calcium chloride shipped to them by the plaintiff; that it erroneously came "Freight collect," and that they in consequence paid the freight and therefore do not owe plaintiff the amount on that account.

The record shows that plaintiff shipped the goods as alleged, prepaying the freight thereon.

A letter in the record dated August 28th, 1921, written by defendant to the plaintiff, shows that the shipment was ordered by defendant, and that they requested the plaintiff to prepay the freight, stating why it was necessary to do so.

Another letter in the record dated November 9th, 1921, shows that defendants received the bill of lading from plaintiff, and that it showed that plaintiff had prepaid the freight; it further shows that defendants returned the bill of lading to plaintiff for correction, on the ground that it was in error in saying that the freight had been prepaid.

In a postscript dated June 30th, 1922, written at the bottom of a letter from plaintiff to defendant, the defendants promised to mail a check to plaintiff for the freight, as soon as they got their money from the railroad company at their end of the line. They say in the postscript that if they were having trouble, it was plaintiff's fault in not having sent the bill of lading with the invoice; yet, their previous letter shows that they did get the bill of lading from plaintiff on November 9th, 1921, and returned it, as above stated.

It will serve no purpose to further comment on the evidence. The evidence shows that defendants justly owe the plaintiff the amount claimed. The judgment in favor of the plaintiff is therefore correct.

Judgment affirmed, defendant and appellant to pay the cost in both courts.